# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.                                   **Case No. 07-CR-72**

**RICARDO JENKINS,**

      Defendant.

**ORDER ON DEFENDANT'S MOTION TO ESTABLISH CONDITIONS OF RELEASE**

On April 26, 2007, the defendant appeared for an arraignment and plea, having been charged by the grand jury in a two count indictment; one charge involving drug trafficking and the other charging felon in possession of a firearm. Due to a prior drug conviction, the government has filed a sentencing enhancer in regard to count one. At the arraignment, the government requested that the court enter an order of detention, based on the presumptions that arise under the statute, the defendant's prior drug conviction and the fact that a firearm, drugs, paraphernalia and cash were found during a search of his residence. The defendant has also made incriminating statements.

The court entered an order of detention, and the defendant is now seeking a review of that order. In his motion, the defendant indicates that his aunt, Constance Jenkins, is willing to post property she owns which is located at 2972 N. 36th Street, Milwaukee. A bond in the amount of $20,000.00 is requested, together with whatever additional conditions the court believes are appropriate.

The government opposes the defendant's motion. The government notes that, based upon the supporting documents submitted with the defendant's motion, there is approximately $64.000.00 equity in the property, but only a $20,000 bond is being proposed. The inference the government wishes the court to draw from this is that the aunt is unwilling to risk the loss of her home for her nephew; otherwise, she would have placed the entire property at risk. The government also argues that the evidence against the defendant is strong, showing that he is a drug dealer and if convicted, he faces substantial jail time.

The defendant does have ties to this district. He has been in custody since February, 2007, when he was arrested on state charges, which have been dismissed in lieu of the federal prosecution. Notwithstanding the presumptions and a prior drug conviction in 1994, the court believes that the posting of property by a family member, together with other conditions rebut the presumptions. However, the court does acknowledge the government's concern regarding the proffered property and believes that more must be placed at risk. Therefore, the court will release the defendant on the following conditions:

1. A cash or property bond in the amount of $50,000;
2. Home confinement under the electronic monitoring program;
3. Pretrial Services reporting as directed;
4. Remaining drug free and being subject to random testing;
5. No possession of firearms or other dangerous weapons; and
6. The other standard conditions of release.

If the defendant is able to meet the conditions of release, the appropriate property bond papers should be submitted to the Clerk of Court, and the defendant will be released on conditions as soon

as the electronic monitoring is in place. The defendant's motion for release is **granted, as modified** herein.

SO ORDERED.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2007.

s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE

3